IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
DELAWARE

| | |
|---|---|
| NOVACLOUD LICENSING LLC, | |
| Plaintiff, | Case No. |
| v. | **JURY TRIAL DEMANDED** |
| AKAMAI TECHNOLOGIES, INC. | |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., in which Plaintiff NovaCloud Licensing LLC ("NovaCloud") alleges as follows against Defendant Akamai Technologies, Inc. ("Defendant" or "Akamai"):

## INTRODUCTION AND PARTIES

1. This complaint arises from Defendant's unlawful infringement of the following United States patents, which relate to certain aspects of network load balancing, traffic management, and content and data streaming: U.S. Patent Nos. 8,401,028 (the "'028 Patent"); 9,225,651 (the "'651 Patent"); 8,825,867 (the "'867 Patent"); 8,949,206 (the "'206 Patent"); 9,900,262 (the "'262 Patent") (collectively, the "Asserted Patents").

2. NovaCloud owns each of the Asserted Patents and holds all enforcement rights against Defendant. NovaCloud also has the right to recover all damages for past, present, and future infringement of the Asserted Patents and to seek injunctive relief as appropriate under the law.

3. Plaintiff NovaCloud Licensing, LLC is a Delaware limited liability company with its principal place of business at 228 Hamilton Avenue, 3rd Floor, Palo Alto, CA 94301.

4. NovaCloud was formed in 2024 to take ownership of and provide access to the fundamental patented technology that emerged from Ericsson's pioneering research in cloud computing, networking, and content delivery. https://www.novacloudllc.com/#portfolio. These technologies are integral to today's Infrastructure-as-a-Service and Platform-as-a-Service cloud computing platforms, content delivery networks, and data centers and, as such, underpin many of the consumer-facing technologies and services people use daily, such as file storage and access, streaming services, cloud-based Software-as-a-Service applications, and communication and collaboration tools.

5. Plaintiff is the owner of U.S. Patent No. 8,401,028, titled "Selection of an Edge Node in a Fixed Access Communication Network," which issued on March 19, 2013. A copy of the '028 Patent is attached to this Complaint as Exhibit 1.

6. Plaintiff is the owner of U.S. Patent No. 9,225,651, titled "Method and Apparatus for Load Balancing," which issued on December 29, 2015. A copy of the '651 Patent is attached to this Complaint as Exhibit 2.

7. Plaintiff is the owner of U.S. Patent No. 8,825,867, titled "Two Level Packet Distribution with Stateless First Level Packet Distribution to A Group of Servers and Stateful Second Level Packet Distribution To A Server Within the Group," which issued on September 2, 2014. A copy of the '867 Patent is attached to this Complaint as Exhibit 3.

8. Plaintiff is the owner of U.S. Patent No. 8,949,206, titled "System and Method for Creating Multiple Versions of a Description File," which issued on February 3, 2015. A copy of the '206 Patent is attached to this Complaint as Exhibit 4.

9. Plaintiff is the owner of U.S. Patent No. 9,900,262, titled "Methods, Nodes and Computer Program for Enabling of Resource Component Allocation," which issued on February 20, 2018. A copy of the '262 Patent is attached to this Complaint as Exhibit 5.

10. Defendant Akamai is a leading provider of distributed computing platforms, including, e.g., content delivery networks, and cloud services. Akamai is a Delaware corporation with headquarters at 145 Broadway, Cambridge, Massachusetts 02142.

11. Around February 27, 2025, NovaCloud reached out to Akamai, providing Akamai with a list of NovaCloud's patents and informing Akamai that the patents are relevant to Akamai's product offerings, including its Edge computing and video streaming services. NovaCloud invited Akamai to meet and offered to discuss a license.

## JURISDICTION AND VENUE

12. This action arises under the patent laws of the United States, 35 U.S.C. § 1 et seq.

13. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

14. This Court has personal jurisdiction over Defendant in this action because Defendant is incorporated under the law of the state of Delaware, has committed acts within this District giving rise to this action, and has established minimum contacts with this forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

15. Defendant, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products and services that infringe the Asserted Patents.

16. Venue is proper in this District because Defendant is incorporated under the laws of the State of Delaware.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 8,401,028

17. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

18. The Accused Instrumentalities for the ’028 Patent are, without limitation, Akamai’s Node Balancer as shown in Exhibit 6.

19. NovaCloud is the owner of the ’028 Patent with full rights to pursue recovery of royalties for damages for infringement, including full rights to recover past and future damages.

20. The written description of the ’028 Patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the nonconventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

21. NovaCloud and its predecessors in interest have satisfied the requirements of 35 U.S.C. § 287(a) with respect to the ’028 Patent, and NovaCloud is entitled to damages for Defendant’s past infringement.

22. Defendant has directly infringed (literally and equivalently) and induced others to infringe the ’028 Patent by making, using, selling, offering for sale, or importing products, infrastructure, and/or services that infringe the claims of the ’028 Patent and by inducing others to infringe the claims of the ’028 Patent without a license or permission from NovaCloud, such as

for example, inducing any vendor(s) or customers of the Accused Instrumentalities to perform the patented methods of the ’028 Patent.

23. On information and belief, Defendant uses, imports, offers for sale, and sells certain infringing products in the United States with the Accused Instrumentalities. Exhibit 6 provides a description of the Accused Instrumentalities and a chart showing examples of how they infringe, at least, Claim 1 of the ’028 Patent, which NovaCloud provides without the benefit of information about the Accused Instrumentalities obtained through discovery.

24. Defendant knowingly and intentionally induces and contributes to infringement of the ’028 Patent in violation of 35 U.S.C. §§ 271(b)-(c). For example, Defendant has had knowledge of or has been willfully blind to the ’028 Patent and the infringing nature of the Accused Instrumentalities since at least around February 27, 2025 and no later than the filing and service of this Complaint. The Accused Instrumentalities are not a staple article or commodity of commerce suitable for substantial non-infringing uses.

25. Despite this knowledge, Defendant continues to actively encourage and instruct its customers to use and integrate the Accused Instrumentalities in ways that directly infringe the ’028 Patent. Defendant does so knowing and intending that its customers will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite its knowledge of the ’028 Patent, thereby specifically intending for and inducing its customers to infringe the ’028 Patent through the normal and customary use of the Accused Instrumentalities. On information and belief, these acts include providing information and instructions on the use of the Accused Instrumentalities, providing information, education and instructions to its customers; and indemnifying patent infringement within the United States.

26. Defendant has known, or has been willfully blind to the fact, that making, using, offering to sell, and selling the Accused Instrumentalities to its customers, would constitute willful infringement of the ’028 Patent.

27. Defendant has induced, and continues to induce, infringement of the ’028 Patent by actively encouraging others (including its customers) to use, offer to sell, sell, and import the Accused Instrumentalities. On information and belief, these acts include providing information, education and instructions on the use of the Accused Instrumentalities; providing the Accused Instrumentalities to customers; and indemnifying patent infringement within the United States.

28. NovaCloud has been damaged by Defendant’s infringement of the ’028 Patent and is entitled to damages as provided for in 35 U.S.C. § 284, including reasonable royalty damages.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 9,225,651

29. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

30. The Accused Instrumentalities for the ’651 Patent are, without limitation, Akamai’s Global Traffic management and Application Load Balancer as shown in Exhibit 7.

31. NovaCloud is the owner of the ’651 Patent with full rights to pursue recovery of royalties for damages for infringement, including full rights to recover past and future damages.

32. The written description of the ’651 Patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the nonconventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

33. NovaCloud and its predecessors in interest have satisfied the requirements of 35 U.S.C. § 287(a) with respect to the ’651 Patent, and NovaCloud is entitled to damages for Defendant’s past infringement.

34. Defendant has directly infringed (literally and equivalently) and induced others to infringe the ’651 Patent by making, using, selling, offering for sale, or importing products, infrastructure, and/or services that infringe the claims of the ’651 Patent and by inducing others to infringe the claims of the ’651 Patent without a license or permission from NovaCloud, such as for example, inducing any vendor(s) or customers of the Accused Instrumentalities to perform the patented methods of the ’651 Patent.

35. On information and belief, Defendant uses, imports, offers for sale, and sells certain infringing products in the United States with the Accused Instrumentalities. Exhibit 7 provides a description of the Accused Instrumentalities and a chart showing examples of how they infringe, at least, Claim 17 of the ’651 Patent, which NovaCloud provides without the benefit of information about the Accused Instrumentalities obtained through discovery.

36. Defendant knowingly and intentionally induces and contributes to infringement of the ’651 Patent in violation of 35 U.S.C. §§ 271(b)-(c). For example, Defendant has had knowledge of or has been willfully blind to the ’651 Patent and the infringing nature of the Accused Instrumentalities since at least around February 27, 2025 and no later than the filing and service of this Complaint. The Accused Instrumentalities are not a staple article or commodity of commerce suitable for substantial non-infringing uses.

37. Despite this knowledge, Defendant continues to actively encourage and instruct its customers to use and integrate the Accused Instrumentalities in ways that directly infringe the ’651 Patent. Defendant does so knowing and intending that its customers will commit these infringing

acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite its knowledge of the ’651 Patent, thereby specifically intending for and inducing its customers to infringe the ’651 Patent through the normal and customary use of the Accused Instrumentalities. On information and belief, these acts include providing information and instructions on the use of the Accused Instrumentalities, providing information, education and instructions to its customers; and indemnifying patent infringement within the United States.

38. Defendant has known, or has been willfully blind to the fact, that making, using, offering to sell, and selling the Accused Instrumentalities to its customers, would constitute willful infringement of the ’651 Patent.

39. Defendant has induced, and continues to induce, infringement of the ’651 Patent by actively encouraging others (including its customers) to use, offer to sell, sell, and import the Accused Instrumentalities. On information and belief, these acts include providing information, education and instructions on the use of the Accused Instrumentalities; providing the Accused Instrumentalities to customers; and indemnifying patent infringement within the United States.

40. NovaCloud has been damaged by Defendant’s infringement of the ’651 Patent and is entitled to damages as provided for in 35 U.S.C. § 284, including reasonable royalty damages.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 8,825,867

41. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

42. The Accused Instrumentalities for the ’867 Patent are, without limitation, Akamai’s DNS, Global Traffic management, and Application Load Balancer as shown in Exhibit 8.

43. NovaCloud is the owner of the ’867 Patent with full rights to pursue recovery of royalties for damages for infringement, including full rights to recover past and future damages.

44. The written description of the ’867 Patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the nonconventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

45. NovaCloud and its predecessors in interest have satisfied the requirements of 35 U.S.C. § 287(a) with respect to the ’867 Patent, and NovaCloud is entitled to damages for Defendant’s past infringement.

46. Defendant has directly infringed (literally and equivalently) and induced others to infringe the ’867 Patent by making, using, selling, offering for sale, or importing products, infrastructure, and/or services that infringe the claims of the ’867 Patent and by inducing others to infringe the claims of the ’867 Patent without a license or permission from NovaCloud, such as for example, inducing any vendor(s) or customers of the Accused Instrumentalities to perform the patented methods of the ’867 Patent.

47. On information and belief, Defendant uses, imports, offers for sale, and sells certain infringing products in the United States with the Accused Instrumentalities. Exhibit 8 provides a description of the Accused Instrumentalities and a chart showing examples of how they infringe, at least, Claim 15 of the ’867 Patent, which NovaCloud provides without the benefit of information about the Accused Instrumentalities obtained through discovery.

48. Defendant knowingly and intentionally induces and contributes to infringement of the ’867 Patent in violation of 35 U.S.C. §§ 271(b)-(c). For example, Defendant has had knowledge

of or has been willfully blind to the ’867 Patent and the infringing nature of the Accused Instrumentalities since at least around February 27, 2025 and no later than the filing and service of this Complaint. The Accused Instrumentalities are not a staple article or commodity of commerce suitable for substantial non-infringing uses.

49. Despite this knowledge, Defendant continues to actively encourage and instruct its customers to use and integrate the Accused Instrumentalities in ways that directly infringe the ’867 Patent. Defendant does so knowing and intending that its customers will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite its knowledge of the ’867 Patent, thereby specifically intending for and inducing its customers to infringe the ’867 Patent through the normal and customary use of the Accused Instrumentalities. On information and belief, these acts include providing information and instructions on the use of the Accused Instrumentalities, providing information, education and instructions to its customers; and indemnifying patent infringement within the United States.

50. Defendant has known, or has been willfully blind to the fact, that making, using, offering to sell, and selling the Accused Instrumentalities to its customers, would constitute willful infringement of the ’867 Patent.

51. Defendant has induced, and continues to induce, infringement of the ’867 Patent by actively encouraging others (including its customers) to use, offer to sell, sell, and import the Accused Instrumentalities. On information and belief, these acts include providing information, education and instructions on the use of the Accused Instrumentalities; providing the Accused Instrumentalities to customers; and indemnifying patent infringement within the United States.

52. NovaCloud has been damaged by Defendant’s infringement of the ’867 Patent and is entitled to damages as provided for in 35 U.S.C. § 284, including reasonable royalty damages.

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 8,949,206

53. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

54. The Accused Instrumentalities for the ’206 Patent are, without limitation, Akamai’s manifest manipulation services as shown in Exhibit 9.

55. NovaCloud is the owner of the ’206 Patent with full rights to pursue recovery of royalties for damages for infringement, including full rights to recover past and future damages.

56. The written description of the ’206 Patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the nonconventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

57. NovaCloud and its predecessors in interest have satisfied the requirements of 35 U.S.C. § 287(a) with respect to the ’206 Patent, and NovaCloud is entitled to damages for Defendant’s past infringement.

58. Defendant has directly infringed (literally and equivalently) and induced others to infringe the ’206 Patent by making, using, selling, offering for sale, or importing products, infrastructure, and/or services that infringe the claims of the ’206 Patent and by inducing others to infringe the claims of the ’206 Patent without a license or permission from NovaCloud, such as for example, inducing any vendor(s) or customers of the Accused Instrumentalities to perform the patented methods of the ’206 Patent.

59. On information and belief, Defendant uses, imports, offers for sale, and sells certain infringing products in the United States with the Accused Instrumentalities. Exhibit 9 provides a description of the Accused Instrumentalities and a chart showing examples of how they infringe, at least, Claim 14 of the ’206 Patent, which NovaCloud provides without the benefit of information about the Accused Instrumentalities obtained through discovery.

60. Defendant knowingly and intentionally induces and contributes to infringement of the ’206 Patent in violation of 35 U.S.C. §§ 271(b)-(c). For example, Defendant has had knowledge of or has been willfully blind to the ’206 Patent and the infringing nature of the Accused Instrumentalities since at least around February 27, 2025 and no later than the filing and service of this Complaint. The Accused Instrumentalities are not a staple article or commodity of commerce suitable for substantial non-infringing uses.

61. Despite this knowledge, Defendant continues to actively encourage and instruct its customers to use and integrate the Accused Instrumentalities in ways that directly infringe the ’206 Patent. Defendant does so knowing and intending that its customers will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite its knowledge of the ’206 Patent, thereby specifically intending for and inducing its customers to infringe the ’206 Patent through the normal and customary use of the Accused Instrumentalities. On information and belief, these acts include providing information and instructions on the use of the Accused Instrumentalities, providing information, education and instructions to its customers; and indemnifying patent infringement within the United States.

62. Defendant has known, or has been willfully blind to the fact, that making, using, offering to sell, and selling the Accused Instrumentalities to its customers, would constitute willful infringement of the ’206 Patent.

63. Defendant has induced, and continues to induce, infringement of the ’206 Patent by actively encouraging others (including its customers) to use, offer to sell, sell, and import the Accused Instrumentalities. On information and belief, these acts include providing information, education and instructions on the use of the Accused Instrumentalities; providing the Accused Instrumentalities to customers; and indemnifying patent infringement within the United States.

64. NovaCloud has been damaged by Defendant’s infringement of the ’206 Patent and is entitled to damages as provided for in 35 U.S.C. § 284, including reasonable royalty damages.

## COUNT V

## INFRINGEMENT OF U.S. PATENT NO. 9,900,262

65. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

66. The Accused Instrumentalities for the ’262 Patent are, without limitation, Akamai DataStream such as DataStream 1 and DataStream 2 as shown in Exhibit 10.

67. NovaCloud is the owner of the ’262 Patent with full rights to pursue recovery of royalties for damages for infringement, including full rights to recover past and future damages.

68. The written description of the ’262 Patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the nonconventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

69. NovaCloud and its predecessors in interest have satisfied the requirements of 35 U.S.C. § 287(a) with respect to the ’262 Patent, and NovaCloud is entitled to damages for Defendant’s past infringement.

70. Defendant has directly infringed (literally and equivalently) and induced others to infringe the ’262 Patent by making, using, selling, offering for sale, or importing products, infrastructure, and/or services that infringe the claims of the ’262 Patent and by inducing others to infringe the claims of the ’262 Patent without a license or permission from NovaCloud, such as for example, inducing any vendor(s) or customers of the Accused Instrumentalities to perform the patented methods of the ’262 Patent.

71. On information and belief, Defendant uses, imports, offers for sale, and sells certain infringing products in the United States with the Accused Instrumentalities. Exhibit 10 provides a description of the Accused Instrumentalities and a chart showing examples of how they infringe, at least, Claim 9 of the ’262 Patent, which NovaCloud provides without the benefit of information about the Accused Instrumentalities obtained through discovery.

72. Defendant knowingly and intentionally induces and contributes to infringement of the ’262 Patent in violation of 35 U.S.C. §§ 271(b)-(c). For example, Defendant has had knowledge of or has been willfully blind to the ’262 Patent and the infringing nature of the Accused Instrumentalities since at least around February 27, 2025 and no later than the filing and service of this Complaint. The Accused Instrumentalities are not a staple article or commodity of commerce suitable for substantial non-infringing uses.

73. Despite this knowledge, Defendant continues to actively encourage and instruct its customers to use and integrate the Accused Instrumentalities in ways that directly infringe the ’262 Patent. Defendant does so knowing and intending that its customers will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite its knowledge of the ’262 Patent, thereby specifically intending for and inducing its customers to infringe the ’262 Patent through the normal and customary use of the

Accused Instrumentalities. On information and belief, these acts include providing information and instructions on the use of the Accused Instrumentalities, providing information, education and instructions to its customers; and indemnifying patent infringement within the United States.

74. Defendant has known, or has been willfully blind to the fact, that making, using, offering to sell, and selling the Accused Instrumentalities to its customers, would constitute willful infringement of the ’262 Patent.

75. Defendant has induced, and continues to induce, infringement of the ’262 Patent by actively encouraging others (including its customers) to use, offer to sell, sell, and import the Accused Instrumentalities. On information and belief, these acts include providing information, education and instructions on the use of the Accused Instrumentalities; providing the Accused Instrumentalities to customers; and indemnifying patent infringement within the United States.

76. NovaCloud has been damaged by Defendant’s infringement of the ’262 Patent and is entitled to damages as provided for in 35 U.S.C. § 284, including reasonable royalty damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Defendant has directly infringed the Asserted Patents, either literally and/or under the doctrine of equivalents;

b. A permanent injunction prohibiting Defendant from further acts of infringement of the Asserted Patents;

c. A judgment and order requiring Defendant to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant’s infringement of the Asserted Patents;

d. A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest;

e. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Defendant; and

f. Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

77. Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: September 4, 2026

Respectfully submitted,

Of Counsel:

Reza Mirzaie
Marc Fenster
Adam Hoffman
Andrew Weiss
Linjun Xu
Joshua Scheufler
**RUSS AUGUST & KABAT**
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
rmirzaie@raklaw.com
mfenster@raklaw.com
ahoffman@raklaw.com
aweiss@raklaw.com
lxu@raklaw.com
jscheufler@raklaw.com

FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiff NovaCloud Licensing, LLC*